Filed 6/23/15  P. v. Arellano CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS ARELLANO,<br><br>    Defendant and Appellant. | B256056<br><br>(Los Angeles County<br>Super. Ct. No. KA102981) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jesus Arellano pleaded no contest to carrying a dirk or dagger and was sentenced to a total of four years in state prison. Defendant contends that the court abused its discretion by declining to strike all of his prior convictions pursuant to Penal Code section 1385[1] and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). Finding no abuse of discretion, we affirm.

## PROCEDURAL BACKGROUND

Defendant was charged with one count of carrying a dirk or dagger concealed on his person. (§ 21310.) The information also alleged that defendant previously was convicted of two serious or violent felonies subjecting him to sentencing pursuant to sections 667, subdivisions (b) through (j), 1170.12, and 1170, subdivision (h)(3), namely robbery (§ 211) and carjacking (§ 215), both of which stemmed from a single case in 1997. The information further alleged pursuant to section 667.5, subdivision (b), that defendant suffered two prior convictions, the 1997 robbery conviction and a 2008 conviction for possession (Health & Saf. Code § 11377, subd. (a)), and did not remain free of custody during a period of five years subsequent to serving his terms for these crimes.

After rejecting the prosecution's plea offer of 32 months, defendant made an open plea of no contest on the day his trial was set to begin. He also admitted both his strike and state prison priors. The court sentenced defendant to the midterm of two years, which it doubled pursuant to sections 667 and 1170.12. The court struck "all other priors alleged."

Defendant timely appealed.

## FACTUAL BACKGROUND

The following events were described by the sole witness at defendant's preliminary hearing, Pomona police officer Tim Ugarte. On August 28, 2013, Ugarte and two or three U.S. Marshals were patrolling a residential area of Pomona in an unmarked car. Shortly before 10:00 p.m., Ugarte saw defendant on the street, about 50 feet away.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

Defendant turned and ran away, and Ugarte pursued him on foot. During the chase, Ugarte saw defendant reach into the pocket of his shorts, pull out an object, and throw the object to the ground. After apprehending defendant, Ugarte recovered the object, a fixed four-inch blade fastened to a flashlight by a hardened, glue-like substance.

## DISCUSSION

Defendant contends that the trial court abused its discretion by failing to give any weight to the mitigating circumstances of his case and strike all of his priors under *Romero*.

### I. Applicable Law

Section 1385, subdivision (a), permits a trial court to dismiss a criminal action "in furtherance of justice." This power to dismiss an action "includes the lesser power to strike factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." (*Romero*, *supra*, 13 Cal.4th at p. 504.) In *Romero*, the Supreme Court held that section 1385, subdivision (a), is applicable to cases brought under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12). (*Romero*, *supra*, at pp. 504, 529-530.)

In ruling on a defendant's *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the . . . spirit [of the Three Strikes law], in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) Because the Three Strikes law "establishes a sentencing norm" and "carefully circumscribes the trial court's power to depart from this norm [by] requir[ing] the court to explicitly justify its decision to do so," "the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) "In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Ibid*.) "'[W]here the record

3

demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.'" (*Ibid.*, quoting *People v. Myers* (1999) 69 Cal.App.4th 305, 310.) We overturn the court's ruling only if it falls outside the bounds of reason under the applicable law and relevant facts. (*Williams*, *supra*, 17 Cal.4th at p. 162.)

## II.     Relevant Proceedings

At the sentencing hearing, defense counsel asked the court for a sentence of probation or "some tree farm." (See *People v. Lee* (2005) 131 Cal.App.4th 1413, 1415.) According to counsel, defendant was enlisted to walk his female guests and their children home after he and the visitors became unsettled by an unmarked car with blacked-out windows driving through their "dangerous part of Pomona." He grabbed the flashlight-cum-dagger to protect himself and his guests on the short journey. Counsel distinguished this situation from situations in which "somebody who had a weapon like this and was walking with a crowded group of people in a crowded area in downtown or had ill intent to do with it." Counsel also pointed out that defendant had no gang convictions, had not committed a serious or violent felony for 17 years, and recently had been awarded custody of his one-year-old daughter.

The prosecution acknowledged that "this isn't the worst crime ever committed," and that defendant's record "isn't the worst record in the world." The prosecution nonetheless asked the court to impose a four-year sentence in light of defendant's flight from the police and history of gang affiliation. Neither defendant nor the prosecution mentioned defendant's five misdemeanor convictions for driving without a license, which occurred from 2003 to 2006.

After examining defendant's probation report and photographs of the weapon, the court made the following statement:

"The court recognizes that it has the discretion to strike priors. The discretion, however, is limited by an abuse of discretion. In order to justify the striking of priors, the court has to find unusual circumstances that would promote the interest of justice.

Defendant stands convicted of two prior serious felonies, one is carjacking, the other is robbery. That conviction resulted in a six-year term in state prison. The date of conviction is approximately 1997.

"Court recognizes that there has been a significant lapse of time since the commission of those offenses and today's date; however, the defendant's violations of law have continued, although, for the most part, they deal with the operation of a motor vehicle while unlicensed.

"In 2008, defendant was charged with possession of a controlled substance, sentenced to a term of three years. And I can only assume that some court at that sentencing decided that the interest of justice would be promoted by the striking of a strike since the term is a three-year state prison term as opposed to a 32-month, four-year, or six-year term. Again, that resulted in an additional state prison commitment.

"The court understands that circumstances may be such where one may be in apprehension for one's safety or the safety of another and one might resort to a defensive weapon; however, in examining this weapon, it doesn't appear to be a spontaneous grabbing of a weapon but choice of a weapon appears to be a weapon that is designed to significantly thrust into a person or animal's body. A lot of people are scared by events or unusual circumstances and many of them call 9-1-1 for assistance and protection. The availability and choice of weapon really causes this court some concern.

"As far as his affiliation or moniker with [gang] Azusa 13, I have no reason to know whether he is still active; however, I do know that he is now in another jurisdiction where there are associations and entities of a similar nature that, as a general rule, don't get along. I don't know if he's living with the consequences of his earlier choices of lifestyle, but this court does not find any unusual circumstances warranting the striking of priors.

"It is the judgment of this court that defendant be sentenced to a mid term [*sic*] of two years. That'll be doubled. All other priors alleged are stricken. In doing so, the court is of the view that the middle term is commensurate with the offense for which he entered a plea."

5

The court allowed defendant to make a statement. Defendant disavowed any gang membership. He explained that he committed his violent crimes many years ago, when he was a teenager, and represented that he "never did nothing wrong to anybody else to hurt anybody" since. He stated that he no longer used drugs and was "just trying to be a father."

The court reiterated the same sentence at the conclusion of defendant's statement.

## III. Analysis

The court did not abuse its broad discretion in declining to strike all of defendant's priors. The record amply demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the Three Strikes law. Defendant's contentions to the contrary are not persuasive.

Defendant argues that the court should have considered the relevant mitigating factors set forth in California Rules of Court, rule 4.423, namely "[t]he crime was committed because of an unusual circumstance, such as great provocation, that is unlikely to recur," and "[t]he defendant was motivated by a desire to provide necessities for his or her family or self." (Cal. Rules of Court, rules 4.423(a)(3) & (a)(8).) The court did consider these factors after defense counsel represented that defendant lived in "a dangerous part of Pomona" where homicides occur. The court specifically explained that although it understood defendant's situation and motivations, it was troubled by his vigilante response and makeshift deadly weapon.

Defendant also contends that the court should have given more weight to the age of his prior convictions for serious and violent felonies. It is true that his convictions for robbery and carjacking are nearly two decades old. However, defendant "did not refrain from criminal activity during that span of time." (*Williams*, *supra*, 17 Cal.4th at p. 163.) He may have learned from these mistakes not to commit violent crimes, but his probation report reflects that he did not learn to conform his conduct to the law. He violated his parole three times, in 2000, 2002, and 2012, amassed a series of five misdemeanor convictions for driving without a license from 2003 to 2006, and was convicted of possession of a controlled substance in 2008. He also had two outstanding traffic

6

warrants. The staleness of a conviction is most relevant when a defendant has subsequently led a "'legally blameless life'" (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; cf. *People v. Harris* (1998) 60 Cal.App.4th 727, 739), and the court was entitled to take defendant's unlawful conduct into account when exercising its discretion.

Defendant's final argument is that the court should have credited him for accepting responsibility for his actions "shortly after he was charged." Prompt and voluntary acceptance of responsibility is a mitigating factor the court may consider (Cal. Rules of Court, rule 4.423 (b)(3)), but the court did not abuse its discretion by declining to give great weight to that factor here. Not only did defendant fail to call it to the court's attention at sentencing, but he neglects to point out that he did not enter his plea until the day his trial was set to begin, approximately a week and a half after the prosecution declared ready for jury trial. Although his acceptance of responsibility less than two months after charges were filed was swift in absolute terms, it came at the eleventh hour of this case rather than the "early stage" contemplated in California Rule of Court, rule 4.423(b)(3). The trial court was not required to afford great weight to defendant's plea.

As the trial court observed, at least one court had taken a chance on defendant by apparently striking his priors in connection with his 2008 case. Rather than seizing that chance, defendant subsequently violated his parole and committed the instant offense. It cannot be said that defendant fell outside the spirit of the Three Strikes law. Accordingly, the court acted within its discretion in declining to strike all of his priors.

## DISPOSITION

The judgment of the trial court is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, Acting P. J.                                          MANELLA, J.

7